UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TALLAPOOSA RENEWABLE GREEN ENERGY, INC., | ) | CASE NO. 19-12150-WHD |
| | ) | |
| DEBTOR. | ) | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| NANCY J. GARGULA, UNITED STATES TRUSTEE, | ) ) | |
| | ) | |
| MOVANT | ) | |
| | ) | |
| -vs- | ) | CONTESTED MATTER |
| | ) | |
| TALLAPOOSA RENEWABLE GREEN ENERGY, INC., | ) ) | |
| | ) | |
| RESPONDENT. | ) | |

**AMENDED MOTION TO DISMISS OR CONVERT CASE**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, and amends her request to dismiss or convert this case. In support of her amended motion, the United States Trustee shows as follows.

STATEMENT OF FACTS

1.

The debtor commenced this case on October 30, 2019, by filing a petition[1] for

---

[1] The petition was signed by a Mr. Lee Bagley as power of attorney for Mr. Lindsey Evans. The power of attorney referenced was not attached to the petition, or to subsequent documents filed by the Debtor, though the United States Trustee has obtained a copy of this

relief under chapter 11 of the United States Bankruptcy Code. The debtor is serving as a debtor-in-possession in this case.  11 U.S.C. § 1101(1).

2.

The debtor owns a 270,000 square foot commercial building on approximately 18.4 acres located in Haralson County, Georgia. The debtor currently leases the space within this building to two other businesses.

3.

On  October 31, 2019, pursuant to 28 U.S.C. § 586(a)(3) and the United States Trustee's Operating Guidelines and Reporting Requirements, the United States Trustee notified Debtor of various chapter 11 disclosure requirements and of a mandatory Initial Debtor Interview ("IDI").  Debtor was requested to provide the United States Trustee financial and business information no later than November 15, 2019.  Specifically, the United States Trustee requested, among other documents: (1) A Balance Sheet as of Month-end immediately preceding filing; (2) Profit and Loss Statement for Month immediately preceding filing; (3) Projected cash budget for first 6 months of post-petition operations; (4) List of all checks written and other disbursements on all accounts 90 days prior to filing petition; and (5) Current rent roll.

---

document. Upon information and belief, Mr. Evans resided within a rehabilitation facility at the time of filing, and still resides at the same facility as of the filing of this amended motion. As part of his treatment at this facility, Mr. Evans is secluded from contact with individuals outside the facility, except for periodic visits with immediate family members.

4.

The United States Trustee conducted the IDI on November 20, 2019. Immediately after completing the IDI, the United States Trustee requested that the debtor provide monthly bank statements for all accounts in which the debtor has an interest, from January 1 through November 20, 2019.

5.

After the initial requests for documentation described in the preceding paragraphs, the United States Trustee contacted debtor's counsel on December 3, 2019 and December 9, 2019, and again requested the documentation described in the preceding paragraphs. To date, the debtor has provided none of the documentation described in the preceding paragraphs to the United States Trustee.

6.

The debtor's Meeting of Creditors was scheduled for December 4, 2019 at 10:00 A.M. At the scheduled meeting, Mr. Robert Rampley appeared with debtor's attorney, and purported to speak for the debtor. Mr. Rampley holds no ownership interest in the debtor, is not an officer of the debtor, is not a member of the debtor's board of directors or similar governing body, and has never been employed by the debtor. Mr. Rampley was previously employed by various artificial entities owned by Mr. Evans, who upon information and belief, is the sole owner of the debtor. Mr. Rampley is currently paid by an entity named B & E Holdings, Inc., which is controlled by Mr. Bagley, who signed the

petition filed in the instant case as a power of attorney on behalf of Mr. Evans[2]. Given Mr. Rampley's tenuous connection to the debtor, the United States Trustee rescheduled the Meeting of Creditors to January 3, 2020 at 10:00 AM, to allow an appropriate person to appear on behalf of the debtor.

7.

Given the indisposition of Mr. Evans, the inaccessibility of Mr. Bagley, and the remote relationship between Mr. Rampley and the debtor, the United States Trustee is uncertain who controls debtor's regular operations.

CITATION OF AUTHORITY

8.

Bankruptcy Code section 1112(b)(1) provides that:

... on request of a party in interest, and after notice and a hearing, absent unusual circumstances.....the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

9.

Section 1112(b)(4) provides in part that the term 'cause' includes

> (F) unexcused failure to satisfy and filing or reporting requirement established by this title or by any rule applicable to a cause under this chapter

---

[2] Upon information and belief, Mr. Bagley has contributed funds and/or paid expenses on behalf of the debtor both before and after the commencement of the instant Bankruptcy Case. For example, upon information and belief, Mr. Bagley funded the retainer of $25,000 paid to debtor's attorney prior to filing the instant case, and paid approximately $17,538.98 in insurance premiums after the commencement in this case, to secure insurance for Real Property owned by the debtor. It is not clear whether these transactions represent gifts by Mr. Bagley to the debtor, or are the basis for pre and post-petition debts now owed to Mr. Bagley by the debtor.

> …
> (H) failure to provide information or attend meetings reasonably requested by the United States Trustee;

10.

Section 1112(b)(4) provides a non-exhaustive list of "cause." *Matter of Oakley Grading and Pipeline, Inc.*, Case No. 18-10743-WHD, 2019 WL 1270805, *3 (March 15, 2019, Bankr. N.D. Ga.), citing *In Roan Valley, LLC*, 2009 WL 6498188, *6 n.1 (Bankr. N.D. Ga.) "While the enumerated examples of cause to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not." *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006). "Cause is a broad and flexible term, determination of which is at the discretion of the Court." *Matter of Oakley Grading and Pipeline, Inc.*, 2019 WL 1270805, *3. The Court may "consider other factors as they arise, and use its equitable powers to reach an appropriate result in [the] individual case.'" *Id., citing In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984).* (citing H. R. Rep. No. 595, 95 Cong., 1st Sess. 406 (1977), U.S. Code Cong. & Admin. News 1978, 5787, 6362). An inability for the debtor to reorganize constitutes cause for dismissal pursuant to Section 1112(b). *Greene v. U.S. Bank, N.A. (In re. Gannon Int'l, Ltd.)*, 528 B.R. 906, 911 (E.D. MO. 2015).

11.

Bankruptcy Code section 1112 provides that, except as provided in section 1104(a)(3), if the party moving for dismissal or conversion establishes cause, absent unusual circumstances specifically identified by the Court that establish that the

requested dismissal or conversion is not in the best interests of creditors and the estate, the Court shall dismiss or convert the case to chapter 7, whichever is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1).[3]

12.

Once cause is established, relief is mandatory unless the debtor meets its burden under section 1112(b)(2). Pursuant to section 1112(b)(2), the debtor must demonstrate (A) reasonable likelihood of confirming a plan within the timeframes established by sections 1112(e) and 1129(e), if applicable; and (B) reasonable justification for the act or omission.

ARGUMENT

13.

Cause exists for dismissing this case because the debtor has failed to timely provide information reasonably requested by the United States Trustee. The United States Trustee first requested basic financial documentation, showing the debtor's ongoing cash flow, assets, and liabilities on October 31, 2019. After the IDI, upon the failure of the debtor to provide this initial documentation, the United States Trustee then asked for monthly bank statements for all accounts in which the debtor has an interest from January 1, 2019 through November 20, 2019. After not receiving these documents, the United States Trustee contacted the debtor's attorney on December 3 and December 9, 2019, and again requested that the Debtor provide the requested documentation. To date, the Debtor

---

[3] Section 1104(a)(3) provides that the Court shall order the appointment of a trustee if grounds exist to convert or dismiss the case under section 1112, but the court determines that the

has failed to remit the requested documents.

14.

Cause exists for dismissing this case, as the debtor's failure to provide the documentation requested by the United States Trustee, combined with the confusion as to the manner and individuals responsible for the debtor's regular operations, calls into question the debtor's ability to effectively reorganize under chapter 11. To date, the debtor has failed to perform the most rudimentary tasks of a debtor-in possession; to disclose basic financial information, and submit to questions from creditors. If the debtor's chaotic command structure renders it unable to perform these basic tasks, the debtor is not able to undergo the more rigorous process of proposing a confirmable plan.

15.

Finally, cause exists for dismissing this case, due to the debtor's failure to disclose potential material conflicts of interest with the individuals exerting control over the debtor. Upon information and belief, Mr. Bagley, the individual who signed the petition as power of attorney on behalf of Mr. Evans, has either contributed to the debtor or paid on the debtor's behalf approximately $42,538.98 for attorney fees and insurance premiums. Assuming Mr. Bagley expects the debtor to repay these infusions of capital, Mr. Bagley is now the debtor's second largest creditor, according to the debtor's schedules. As a result, Mr. Bagley has a material conflict of interest with the debtor. This conflict was known at the time of filing, but was not disclosed in the debtor's schedules. Further, Mr. Rampley, an individual the debtor has identified as assisting with its

---

appointment of a trustee or an examiner is in the best interests of creditors and the estate.

operations, is currently employed by B & E Holdings, Inc., which is operated by Mr. Bagley. As a result of this employment, Mr. Rampley also has a conflict of interest with the debtor, as Mr. Rampley's employer is controlled by the debtor's second largest creditor. These undisclosed conflicts of interest between the debtor and the individuals who, in Mr. Evans's absence, is tasked with overseeing these debtor's operations, is cause for dismissal of the case, as the conflicts are material, and may interfere with the debtor's ability to propose a confirmable plan.

WHEREFORE, the United States Trustee requests the Court dismiss this case.

NANCY J. GARGULA
United States Trustee, Region 21

*s/ Jonathan S. Adams*
Jonathan S. Adams
Georgia Bar No. 979073
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
(404) 331-4437
jonathan.s.adams@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Jonathan S. Adams, certify that I am over the age of 18 and that on December 10, 2019, I served a copy of the foregoing United States Trustee's Amended Motion to Dismiss or Convert Case by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the address stated:

Tallapoosa Renewable Green Energy, Inc.
264 Stoffel Drive
Tallapoosa, Georgia 30176

Howard P. Slomka
Slipakoff & Slomka, PC
Suite 2100
3350 Riverwood Parkway
Atlanta, Georgia 30339

J. Nevin Smith
Smith Conerly, LLP
402 Newnan Street
Carrollton, Georgia 30116

R. Brian Wooldridge
Mann & Wooldridge, P.C.
P.O. Box 310
Newnan, Georgia 30264-0310

R. Richard Sargent
J. Jackson Harris, Esq.
The Finley Firm
3335 Piedmont Road 14-230
Atlanta, Georgia 30305

Alabama Dept. of Revenue
C/O Alabama Income Tax
P.O. Box 2401
Montgomery, Alabama 36140-0001

City of Tallapoosa AL
25 E. Alabama Street
Coosa, Georgia 30129

Georgia Power
241 Ralph McGill Blvd.
BIN 10102
Atlanta, Georgia 30308-3374

Haralson City Tax Commissioner
P.O. Box 330
Buchanan, Georgia 30113

Haralson Termite and Pest
P.O. Box 465
Rockmart, Georgia 30153

Nichols Cauley & Associates
363 Broad Street, Suite 201
Rome, Georgia 30162

Norfolk Southern
2972 Parrott Avenue, N.W.
Atlanta, Georgia 30318

Walters Kluwer
28 Liberty Street
42d Floor
New York, New York 10005

Wells Fargo Bank
P.O. Box 5445
Portland, Oregon 97228

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

U.S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road, N.E.
Atlanta, Georgia 30326

Mr. Howard Slomka
Slipakoff & Slomka
Suite 2100
3350 Riverwood Parkway
Atlanta, Georgia 30339

*s/ Jonathan S. Adams*
Jonathan S. Adams
Georgia Bar No. 979073