UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 19-12150-WHD |
| ) | |
| TALLAPOOSA RENEWABLE GREEN ) | |
| ENERGY, INC. ) | |
| ) | |
| Debtor. ) | |

### AMENDED AND RESTATED

### DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
### HOWARD P. SLOMKA AND BUSCH, SIPAKOFF, MILLS & SLOMKA, LLC
### AS BANKRUPTCY COUNSEL

TALLAPOSA RENEWABLE GREEN ENERGY, INC. ("Debtor"), files this Application for Authority to Employ Howard P. Slomka and Busch, Slipakoff, Mills & Slomka, LLC ("Law Firm") as Bankruptcy Counsel (this "Application") and, in support thereof, and pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002 states as follows. To assist the Court, Debtor will use underlining to indicate the amendments from Debtor's original Application for Employment.

1

On October 30, 2019, Applicant filed a petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"). No Trustee has been appointed.

2

Applicant wishes to employ the Law Firm as counsel in this Chapter 11 case. On November 26, 2019, Debtor filed its Application to Employ Debtor's Counsel (Doc. No. 18) (the

"Original Application"). United States Trustee filed its Opposition to the Original Application on December 13, 2019 (Doc. No. 27). Debtor files this Amended and Restated Application to address the concerns in Trustee's Objection.

3

Attorneys of The Law Firm are admitted to practice before this Court, are familiar with the Applicant's legal and operational problems, have knowledge and experience in bankruptcy practice, and are well qualified to represent Applicant.

4

During the Chapter 11 case, Applicant will require professional services from attorneys, including:

(a) Preparation of pleadings and applications;

(b) Conduct of examinations and hearings and filing all relevant responses;

(c) Advising Applicant of its rights, duties and obligations as a debtor-in-possession;

(d) Consulting with Applicant and representing Applicant with respect to a Chapter 11 plan;

(e) Performing those legal services incidental and necessary to the day-to-day operations of Applicant's business, including, but not limited to, institution and prosecution of necessary legal proceedings, and general business and corporate legal advice and assistance;

(f) Taking any and all other action incident to the proper preservation and administration of Applicant's estate and business.

5

With the filing of such petition, Applicant has the immediate need to retain counsel to handle the prosecution of Chapter 11 proceedings, to handle challenges against its interests by others and to otherwise represent its interest on legal matters falling under the jurisdiction of this Court. Specifically, Applicant requires the immediate service of counsel to address issues in its case.

6

Except as set forth in the attached Declaration pursuant to Rule 2014 (the Declaration attached hereto is similarly amended and restated to address the Trustee's concerns), to the best of Applicant's knowledge: (a) The Law Firm represents no interests adverse to Applicant in the matters upon which the firm is to be engaged for Applicant; (b) The Law Firm has had no connection with Applicant, its creditors or any party in interest, or their respective attorneys and accountants, and (c) the firm's appointment will be in the best interest of Applicant and Applicant's Estate. To the extent that Law Firm received a pre-petition retainer from Prestige Builders of NW GA, Inc. ("Prestige") it did so on the belief, which it still holds, that neither Prestige nor its owner H. Lee Bagley is a creditor of Debtor or an interested party in the bankruptcy.

7

Applicant desires to employ the Law Firm at the firm's ordinary rates for comparable work, plus reasonable expenses, subject to review by the Court, during the pendency of this bankruptcy case. The firm has stated present fee rates of $425.00 per hour for attorneys and $225.00 per hour for legal assistants. Rates may be adjusted from time-to-time.

8.

Prior to filing the petition, Prestige (not the Debtor) was able to deliver a total of $25,000.00 to the Law Firm's trust account. After applying $1,717.00 of this amount toward the filing fee, and $7,706.67 to pre-petition consultation for the Debtor, planning, foreclosure defense, litigation strategy, and petition preparation, it leaves a balance of $15,576.33 in Law Firm's trust account.

9.

Attached hereto and incorporated herein by reference is the Verified Statement of an attorney of Law Firm offered in support of this Application.

WHEREFORE, Applicant prays that it be authorized to employ the Law Firm as its attorneys in this Chapter 11 case.

Respectfully Submitted,
Debtor in Possession, by

TALLAPOOSA RENEWABLE GREEN ENRGY, INC.

By:/s_____
Name: Lee Bagley

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-12150-WHD |
| | ) | |
| TALLAPOOSA RENEWABLE GREEN ENERGY, INC. | ) ) | |
| | ) | |
| Debtor. | ) | |

### RULE 2014 SWORN DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF DEBTOR'S ATTORNEY

STATE OF GEORGIA
COUNTY OF COBB

The undersigned Declarant, Howard P. Slomka, being above the age of 18, states and declares under oath:

1. I am an attorney in the law firm of Busch, Slipakoff, Mills & and Slomka PC (the "Firm") and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as the Debtor's attorney (the "Application"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2. Neither I nor the Firm have or represent any interest adverse to the Debtor or the Debtor's estate. The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys or accountants, provided that the Firm provided legal services to the Debtor prior to the date of the bankruptcy filing. The Firm is not

a creditor of the Debtor.

3. The Firm has no partners, associates or other professional employees who are related to the United States Trustee, any person employed in the office of the United States Trustee for the Northern District of Georgia, or with any of the Bankruptcy Judges sitting in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor the Firm have agreed to share any compensation or reimbursement under 11 U.S.C. § 503(b) with any other person except within the Firm. As of the Petition Date, the Firm holds a retainer in the amount of $ 15,576.33 for purposes of this case and its representation of the Debtor herein. Law Firm will only disburse the retainer in accordance with Court order for payment of fees in accordance with 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code. In the event that fees earned are less than the retainer, any excess will be returned to Debtor. <u>The retainer was paid by wire transfer from Prestige Builders of NW GA, Inc., a corporation that has been lending money to Lindsey Evans, the shareholder of Debtor. I do not believe that Prestige is a creditor of the Debtor, not do I believe that the owner of Prestige, Mr. H. Lee Bagley, is a creditor of the Debtor.</u>

5. I and other attorneys of the firm are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts. We have had substantial experience in practice before the United States Bankruptcy Court for the Northern District of Georgia and before other Bankruptcy Courts, including representing both debtors and creditors in cases filed under chapters 7, 11, and 13.

6. To the best of the undersigned's knowledge, information and belief, employment of the Firm as attorneys for the Debtors would be appropriate under 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002.

Declared December 17, 2019 under penalty of perjury, pursuant to 28 USC § 1746.

By: _____

Submitted by:

Howard P. Slomka, Esquire
Georgia Bar No. 652875
3350 Riverwood Pkwy
Suite 2100
Atlanta, Georgia 30339
(404)800-4017 (telephone)
HS@BSMS.lawcom (e-mail)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 19-12150-WHD |
| ) | |
| TALLAPOOSA RENEWABLE GREEN ) | |
| ENERGY, INC. ) | |
| ) | |
| Debtor. ) | |

## NOTICE OF REQUIREMENT OF RESPONSE TO APPLICATION
## FOR EMPLOYMENT OF COUNSEL

Notice is hereby given that an AMENDED AND RESTATED Application for Employment of Counsel pursuant to 11 U.S.C. § 327 has been filed in the above styled action on or about the 17th day of December, 2019. Notice is further given that, pursuant to Local Rule BLR 6008-1 N.D.G.A., [BLR 755-2], any party may file a response to the motion within twenty-one (21) days after service, exclusive of the day of service, and serve a copy on Applicant. In the event that no response is time filed and served, the application will be deemed unopposed and the Bankruptcy Court shall enter an order granting the relief sought. In the event that the application is timely controverted, the Bankruptcy Court may schedule a hearing on notice to the movant, respondent or order such other proceedings as may be appropriate.

Dated and served this 17th day of December, 2019.

/s/_____
Howard Slomka, Esq.
Attorney for Debtor
Georgia Bar No. 652875
Busch, Slipakoff, Mills & Slomka, PC
3350 Riverwood Pkwy
Suite 2100
Atlanta, GA 30339
(404)800-4017
HS@BSMS.law

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-12150-WHD |
| | ) | |
| TALLAPOOSA RENEWABLE GREEN ENERGY, INC. | ) ) | |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing AMENDED AND RESTATED Application for Approval of Employment of Counsel in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows, and via the Court's ECF notice system.


DATE: December 17, 2019

/s/ Howard P. Slomka
Howard Slomka, Esq.
Attorney for Debtor
GA Bar # 652875
3350 Riverwood Parkway
Suite 2100
Atlanta, GA 30339
(404)800-4017

