# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 19-12150-WHD |
| ) | |
| TALLAPOOSA RENEWABLE GREEN ) | |
| ENERGY, INC. ) | |
| ) | |
| Debtor. ) | |

===============================================================

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

COMES NOW DEBTOR Tallapoosa renewable Green Energy, Inc. ("Debtor" or "TRGE") by and through their undersigned counsel files this Motion to Use Cash Collateral ("Cash Collateral Motion") and, in support thereof, states as follows:

### GENERAL BACKGROUND

1. On October 30, 2019, Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code ("Petition Date").

2. No committee has been appointed in the Debtor's case.

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

1

4. The subject matter of this Cash Collateral Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

6. Debtor owns and operates a 270,000 square foot warehouse property in Tallapoosa, Georgia on approximately 18.4 acres of land (the "Property").

7. Debtor currently leases the property to two tenants the ("Tenants") under executory commercial leases (the "Leases").

8. Tenant Robinson Enterprises, LLC ("Robinson") currently pays rent into the court registry of Floyd County Superior Court.

9. Tenant Xtreme Recycling, LLC ("Xtreme") was delinquent in its rent on the petition date. However, on or around November 26, 2019, Xtreme delivered approximately $154,000 in overdue rent to the Debtor. This cash (the "Xtreme Funds") has been deposited into the Debtor In Possession ("DIP") Account.

10. Debtor anticipates collecting future rent from Xtreme and from Robinson, or from the Floyd County Superior Court, which funds will be added to the Xtreme Funds already in the DIP Account to form the "Cash Collateral".

11. Creditor R. Richard Sargent ("Sargent") is the holder through assignment of a promissory note and deed to secure debt encumbering the Property (the "Loan"). The loan documents associated with the Loan include an assignment of leases and rents, and UCC financing statement, which therefore encumber the rental income, accounts receivable and accounts of Debtor as cash collateral for the Loan.

12. Debtor owes monthly payments to Sargent of $ 9,337.52 under the terms of the Loan.

13. Debtor assumes for purposes of this Motion that the funds collected in the DIP Account constitute cash collateral for Sargent's secured debt from Debtor.

14. Sargent is also the judgment creditor on a $2,000,000 tort judgment against Debtor and several other entities under common ownership and control (the "Judgment"). The Judgment is currently under appeal to the Georgia Court of Appeals.

15. The Debtor proposes to use Cash Collateral consistent with an operating budget to be supplied at the hearing ("Budget"). The Budget will reflect anticipated monthly expenses substantially as follows:

DEBTOR'S MONTHLY RECURRING EXPENSES:

| | |
|---|---|
| Insurance premium payment | $5,139.64 |
| Mortgage Payment | $9,337.52 |
| Utilities | $ 850.00 |
| County Taxes   (Tenants reimburse) | $2,688.33 |

| | |
|---|---|
| City Taxes     (Tenants reimburse) | $  625.00 |
| UST Quarterly Payment  (monthly estimate) | $  600.00 |
| Termite Control | $  284.00 |
| Railroad spur lease | $  175.00 |
| **MONTHLY TOTAL:** | **$ 19,699.49** |

### THE DEBTOR'S NEED TO USE CASH COLLATERAL

16. <u>The use of the Cash Collateral is essential for the Debtor's continued operations, and for its obligations as a debtor in possession.</u>  Such continued operations will both preserve and protect the collateral and will maximize the value of the Debtor's assets and revenues to allow for a successful reorganization.

17. Without the use of the Cash Collateral, the Debtor will become in default of its leases, fall behind in taxes and insurance obligations, be required to cease operations, substantially impairing the value of the Debtor.

18. Specifically, the use of the Cash Collateral will enable the Debtor to continue operations, keeping the property insured and with paying tenants.

19. Correspondingly, the failure of the Debtor to be permitted to use Cash Collateral will necessitate closing Debtor, thus compromising the Debtor's ability to generate revenue and imperiling the likelihood of a successful reorganization for the benefit of all of the Debtor's creditors.

**ADEQUATE PROTECTION OFFERED**

20. Based upon the Budget described above, the Debtor will be able to pay creditors, including Sargent, some portion of surplus revenue after meeting its operating expenses and tax obligations on a monthly basis.

21. The payment of the budgeted items will allow the Leases to continue and the future payment of rent from both Tenants.

22. The payment of surplus cash to Sargent will act to provide adequate protection in at least two ways. First, Sargent will get the benefit of the cash collateral generated from operations, net of operating expenses. Second, Sargent's collateral will be preserved due to the continued operations of the Debtor.

23. Such payments will pay down the balance of the secured or avoided unsecured claim Sargent may hold as will be determined pursuant to 11 U.S.C. § 506.

24. The Debtor will, prior to any hearing on this Cash Collateral Motion, work with the Saregnt's counsel to try to resolve any issues with respect to the use of the Cash Collateral.

WHEREFORE, Debtor respectfully requests that this Court enter an Order Granting this Cash Collateral Motion, providing for the use of the Cash Collateral on the terms outlined herein and in the Budget to be filed under separate cover, and

granting such other and further relief as this Court deems just and appropriate.

DATED this the 17th day of December, 2019

/s/  Howard P. Slomka, Esquire

Howard P. Slomka, Esquire
***Attorney for Chapter 11 Debtor***
Georgia Bar Number: 652875
Busch, Slipakoff, Mills & Slomka, LLC
3350 Riverwood Parkway
Suite 2100
Atlanta, GA 30339