IN THE UNITED STATES BANKRUPTCY COURT
NORTERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| TALLAPOOSA RENEWABLE GREEN ENERGY, INC., | : CHAPTER 11 |
| | : CASE NO. 19-12150-whd |
| | : JUDGE W. HOMER DRAKE, JR. |
| Debtor. | : |

## MOTION AND COMBINED BRIEF FOR ORDER
## AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION

Comes now R. RICHARD SARGENT ("Sargent"), Creditor, by and through its attorneys, MANN & WOOLDRIDGE, P.C., and SMITH CONERLY LLP and hereby moves this Court for an Order authorizing them to conduct an examination of the Debtor, Tallapoosa Renewable Green Energy, Inc., and specifically to elicit testimony from the Debtor's principal Lindsey D. Evans, pursuant to Bankruptcy Rule 2004, and in so doing respectfully shows the Court the following:

1.

Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on October 30, 2019, Case No. 19-12150 which is now pending in said Court.

2.

Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") provides, in pertinent part, that upon motion of any party in interest, the Court may order the examination of any entity. The Rule further provides that the examination may relate to the "acts, conduct, or property, or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's Estate, or to the Debtor's right to a discharge." The Advisory Committee's Note to Rule 2004 provides, in pertinent part, that the Motion may be heard ex parte or may be heard on notice.

3.

Sargent is a secured Creditor. Sargent contends that Debtor has financial information which is not properly and/or accurately reflected within its schedules – and some testimony regarding same, was "touched upon" at the Debtor's recent 341 meeting as conducted (*but not completed*) by the US Trustee on February 21, 2020.

4.

Creditor requests the 2004 examination be conducted on March 11th at 10:30 a.m. at the law offices of Mann & Wooldridge, P.C., 28 Jackson Street, Newnan, Georgia 30263, or at another time and place agreed in writing by counsel for the parties.

5.

Creditor respectfully requests that the Court enter an Order authorizing the examination of Debtor with regard to all matters within the scope of Bankruptcy Rule 2004.

6.

The following documents are relevant to the issues germane in this Bankruptcy Case and within the scope of examination under Rule 2004, and Debtor should be required to produce the following documents, records and other writings, including, but not limited to the following:

a) All bank account statements of the Debtor for the four (4) year period prior to bankruptcy filing.

b) All checks (front and back) or other evidence of transfer of funds (including electronic or wire) out of the Debtor's bank account(s) for the four (4) year period prior to bankruptcy filing.

c) All deposit slips, or memorandum of deposit, electronic or wire transfers, and including copies of checks (front and back) - reflecting deposits into the Debtor's accounts for the four (4) year period prior to bankruptcy filing.

d) All notes or other evidence of debt as executed by the Debtor in the four (4) year period prior to bankruptcy filing.

e) All tax returns, balance sheets, and income statements of the Debtor for the four (4) year period prior to bankruptcy filing.

f) All notes or other evidence of debt as executed in favor of the Debtor in the four (4) year period prior to bankruptcy filing.

g) Any and all documents relating to the transfer of assets of the Debtor in the four (4) year period prior to bankruptcy filing.

h) All written communications, including without limitation all notes, emails, text messages, between or among Lindsey Evans, Lee Bagley, Robert Rampley, Teresa Pass, Larry Evans, Kraig Ingalsbie, or any bank, lender, entity or individual regarding any payment, loan, debt or transfer of funds in any form by or to the Debtor during the four (4) years prior to the petition date;

i) All written communications, including without limitation all notes, emails, text messages, between or among Lindsay Evans, Lee Bagley, Robert Rampley, Teresa Pass, Larry Evans, Kraig Ingalsbie, or any bank, lender, entity or individual regarding any payment, loan, debt or transfer of funds in any form by or to the Debtor since the petition date;

j) Any and all documents and records, of whatever medium and however stored or maintained, respecting any transactions between Lindsey Evans, and/or any entity owned or controlled by Lindsey Evans.

k) Any and all documents and records, of whatever medium and however stored or maintained involving Teresa Pass including, but not limited to, any transactions whereby Teresa Pass borrowed or owed money to Lindsey Evans and/or any entity owned or controlled by Lindsey Evans.

l) Any and all documents and other records of whatever medium and however stored or maintained in any way relating to the $10 million (e) loss about which Lindsey Evans testified at the February 21 section 341 hearing, and any and all documents and other documents and/or records of whatever medium and however stored or maintained relating in any way to the federal government payment Lindsey Evans claimed was due Soymet 101, LLC, as described in testimony at the August 5 default judgment hearing before Judge John E. Niedrach in Civil Action No. 19- CV-00590-JFL001 in the Superior Court of Floyd County, Georgia.

7.

A proposed Order is attached hereto.

WHEREFORE, Creditor prays that this Court enter an Order authorizing the examination pursuant to Federal Rule of Bankruptcy Procedure 2004; and further authorizing Creditor to command the production of documents pursuant to F.R.C.R. 45 and Federal Rule of Bankruptcy Procedure 9016; and that the Creditor be granted such other relief as may be appropriate.

Respectfully submitted this 28th day of February, 2020.

MANN & WOOLDRIDGE, P.C.

By:/s/ *R. Brian Wooldridge*
R. Brian Wooldridge
Attorney for Creditor
State Bar No. 775981
P. O. Box 310
Newnan, GA 30264-0310
(770) 253-2222
bwool@mwklaw.org


SMITH CONERLY LLP

By: /s/ J. Nevin Smith
J. Nevin Smith
State Bar No. 661110
402 Newnan Street
Carrollton, Georgia 30117
(770) 834-1160 (telephone)
jsmith@smithconerly.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the within and foregoing Motion and Combined Brief for Order Authorizing Bankruptcy Rule 2004 Examination upon:

Tallapoosa Renewable Green Energy, Inc.
264 Stoffel Drive
Tallapoosa, GA 30176

Howard P. Slomka, Esq.
Slipakoff & Slomka, PC
3350 Riverwood Parkway, Ste. 2100
Atlanta, GA 30339

Leslie M. Pineyro, Trustee.
Jones and Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

J. Nevin Smith
402 Newnan Street
Carrollton, Georgia 30117

Jonathan S. Adams
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

David S. Weidenbaum
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

by placing a copy of same in the United States Mail in properly addressed envelopes with adequate postage thereon to insure delivery.

This 28th day of February, 2020.

                                              MANN & WOOLDRIDGE, P.C.

                                              By:/s/ *R. Brian Wooldridge*
                                                  R. Brian Wooldridge
                                                  Attorney for Creditor
                                                  State Bar No. 775981

28 Jackson Street
P. O. Box 310
Newnan, GA  30264-0310
(770) 253-2222
bwool@mwklaw.org